UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HELEN JIA, *on behalf of herself and all others similarly situated*,

                        Plaintiffs,

-v-

WEEE! INC.,

                        Defendant.

24 Civ. 534 (PAE)
ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Helen Jia, Tingting Ding, Haoquan Liang, and Xiaofang Mei (collectively, "plaintiffs") have filed a letter motion requesting that the above-captioned case be transferred back to the Northern District of California, where the case was originally filed. Dkts. 46–47. Defendant WEEE! Inc. ("WEEE!") opposes the motion. Dkt. 47. For the reasons that follow, the Court denies the motion.

## I.  Relevant Background

On May 11, 2023, plaintiffs filed the instant putative class action against WEEE!, an online grocery service, in the Northern District of California, on behalf of themselves and "[a]ll customers in the United States whose PII [personally identifiable information] was compromised" during a February 2023 data breach of WEEE!. Dkt. 1. WEEE! moved to dismiss or transfer the case to this District, where an almost identical putative class action against it for the same data breach had been filed—two months earlier—on February 10, 2023. *See Tyson Liau v. WEEE! Inc.*, No. 23 Civ. 1177 (PAE) ("*Liau*"). Magistrate Judge Donna M. Ryu[1]

---

[1] The parties had consented to magistrate judge jurisdiction. Dkt. 16.

1

of the Northern District of California granted the motion to transfer the case to this District, based on the "first-to-file rule," which "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Dkt. 38 at 3 (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). In reaching that result, Judge Ryu evaluated: "(1) the chronology of the lawsuits, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake." *Id.* (citing *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)). All three factors, she found, supported transfer to this District, as the case before her ("*Jia*") had been filed after *Liau* had been filed, involved substantially similar—but not identical—parties, and implicated substantially similar legal and factual issues.

On January 26, 2024, *Jia* was transferred to this District, and assigned to this Court, based on its supervision of the related *Liau* case. On February 22, 2024, the Court in *Liau* granted WEEE!'s motion to dismiss under Rule 12(b)(1) with prejudice, finding that plaintiff's alleged injury failed to establish Article III standing. *Tyson Liau v. WEEE! Inc.*, No. 23 Civ. 1177 (PAE), Dkt. 23. On April 3, 2024, the Court issued an order in *Jia* seeking guidance from the parties as to next steps in the case in light of the dismissal of *Liau*. Dkt. 45. Plaintiffs requested by letter that *Jia* be transferred back to the Northern District of California; WEEE! opposed the request. Dkts. 46–47.

## II. Discussion

Plaintiffs argue that *Jia* should be transferred back to the Northern District of California, because the reason for the initial transfer—the first-to-file rule—no longer applies given that *Liau* has now been dismissed with prejudice. Plaintiffs argue that transfer is warranted under 28

2

U.S.C. 28 U.S.C. § 1404(a) because the Northern District of California is the more desirable forum based on the location of evidence and witnesses.

The Court denies this motion because transferring the case back to the Northern District of California would needlessly waste time and judicial resources.

Plaintiffs' request for a *second* transfer of the case, back to where it was originally filed, would not be "in the interest of justice" or "for the convivence of parties and witnesses." 28 U.S.C. §1404(a). "The purpose of the first-to-file rule is to avoid conflicting decisions and promote judicial efficiency, while respecting the principles of federal comity." *Baduria v. Sealift Holdings, Inc.*, 451 F. Supp. 3d 248, 257 (E.D.N.Y. 2020). Although *Liau* has been decided, these underlying principles continue to apply to—and control—this case. Having decided the first-filed case, *Liau*, the Court is familiar with the factual and legal issues common to both cases. Given this knowledge, the Court is in a superior position to resolve the present dispute in a quick and efficient manner, and in a way that avoids any conflict with the decision in *Liau.* Indeed, plaintiffs' transfer motion appears to be a transparent bid to avoid *Liau's* holding that the plaintiffs there lacked standing—authority plaintiffs may fear will prove persuasive here.

Keeping the case in this District also respects Judge Ryu's considered judgment that transfer to this District was warranted. Undoing that decision, months later, would delay resolution of *Jia* and waste the parties' and counsels' time and judicial resources. This would not serve "the interest of justice" or the "convenience of [the] parties and witnesses." 28 U.S.C. §1404(a). The Court will not disturb Judge Ryu's decision to transfer the case to this District and declines plaintiffs' motion to transfer the case *back* to the Northern District of California.

## CONCLUSION

The Court denies the motion to transfer. This litigation is to move forward. To the extent that WEEE! intends to move to dismiss, it cannot rely on the motion to dismiss it had filed in the Northern District of California, because that motion was administratively closed out when the case was transferred to this District. Should WEEE! intend to file such a motion, it is directed to consult the Court's Individual Rules and Practices in Civil Cases.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: June 24, 2024
      New York, New York