UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HELEN JIA, TINGTING DING, HAOQUAN LIANG,
AND XIAOFANG MEI, *on behalf of themselves and
those similarly situated,*

                                        Plaintiffs,

                        -v-

WEEE! INC.,

                                        Defendant.

---

24 Civ. 534 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiffs Helen Jia, Tingting Ding, Haoquan Liang, and Xiaofang Mei (collectively,

"plaintiffs") bring this putative class action against defendant Weee!, Inc. ("Weee"), an online

grocery-delivery service, on behalf of themselves and all customers in the United States whose

personally identifiable information was compromised during a February 2023 data breach of

Weee. They allege that Weee's conduct violated their rights under the California constitution,

several California consumer-protection statutes, *see, e.g.*, Cal. Bus. & Prof. Code § 17200 *et

seq.*; Cal Civ. Code § 1798.80 *et seq.*, and California state law.

Weee moves to dismiss the Amended Class Action Complaint, Dkt. 59 ("AC"), for lack

of standing and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6), respectively. Although no party briefed this issue, upon the Court's review of the AC,

it is apparent that the plaintiffs have not pled facts or raised claims sufficient to supply this Court

with subject matter jurisdiction. Accordingly, for the reasons that follow, this Court will dismiss

this action without prejudice to refiling this action, or bringing a new one, consistent with that

jurisdictional requirement.

## I.    Background[1]

### A.    Factual Background

#### 1.    The Parties

Weee is a California-based online grocery delivery platform. *See* AC ¶¶ 1, 7; Def. Mem. at 3. As the "leading Asian and Hispanic e-grocer in the United States," Def. Mem. 3, Weee specializes in the delivery of locally sourced and hard-to-find food items directly to consumers. *See* AC ¶¶ 1, 7; Def. Mem. at 3.

Jia, Ding, Liang, and Mei are former customers of Weee who made several purchases on the platform after July 12, 2021. AC ¶¶ 4, 6, 14. Jia, Ding, and Mei are California citizens. *Id.* ¶¶ 4–6.

#### 2.    The Data Breach

On February 6, 2023, a hacker named "IntelBroker" leaked Weee customer data on a hacking and data breach forum. *Id.* ¶¶ 1, 13. The next day, Weee issued a public notice acknowledging the breach and stating that, for customers who placed orders between July 12, 2021 and July 1, 2022, "some consumer information" may have been leaked. Mills Decl., Ex. B ("Notice"); *see* AC ¶¶ 14–15. Weee's statement indicated that this consumer information included names, addresses, email address, phone numbers, order numbers, and order notes, but not payment data. AC ¶¶ 14–15; Notice.

---

[1] The following account is drawn from the AC, Dkt. 59, and the parties' submissions on Weee's pending motions. These include Weee's memorandum of law, Dkt. 62 ("Def. Mem."); and John Mills's declaration and exhibits thereto, Dkt. 61 ("Mills Decl."), in support of Weee's motion; plaintiffs' opposition, Dkt. 63; plaintiffs' objection to Mills's declaration, Dkt. 64 ("Pls. Obj."); Weee's reply, Dkt. 65; and plaintiffs' notice of supplemental authority, Dkt. 66. Although plaintiffs object to the Court's consideration of the Mills's declaration and accompanying exhibits, *see* Pls. Obj., such material is properly before the Court on a Rule 12(b)(1) motion, *see Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."). The Court accordingly overrules plaintiffs' objection.

### 3.    The Consequences

Plaintiffs allege that they suffered two injuries as a result of the data breach.  First, Jia

and Mei claim to have experienced an increase in spam calls and text messages on their personal

devices and on WeChat, the third-party online messaging platform that Weee uses to process

payments.  AC ¶¶ 4–6, 15.  Additionally, Ding alleges that $57,000 was wrongfully taken from

his bank account after the breach.  *Id.* ¶ 5.  Plaintiffs allege that Weee stored their payment

information on its database and that it was leaked in the breach.  *Id.* ¶ 15.  Plaintiffs believe that

Weee's third-party use of WeChat—a company with alleged ties to the Chinese Communist

Party—to process payments put their personal information at further risk and contributed to the

wrongful dissemination of their payment information.  *Id.* ¶ 15.

### B.    Procedural Background

On May 11, 2023, plaintiffs filed this case in the Northern District of California.  Dkt. 1.

On August 28, 2023, Weee moved to dismiss or transfer the case to this District, Dkt. 18, where

a similar putative class action had been filed against Weee in connection with the same data

breach.  *See Liau v. Weee! Inc.*, No. 23 Civ. 1177, 2024 WL 729259 (PAE) ("*Liau*").  On

January 19, 2024, Magistrate Judge Donna M. Ryu granted the motion to transfer the case to this

District, based on the "first-to-file rule," "a generally recognized doctrine of federal comity

which permits a district court to decline jurisdiction over an action when a complaint involving

the same parties and issues has already been filed in another district."  Dkt. 38 at 3 (quoting

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)).  In reaching that

result, Judge Ryu assessed "(1) the chronology of the lawsuits, (2) the similarity of the parties

involved, and (3) 'the similarity of the issues at stake.'"  *Id.* (citing *Alltrade, Inc. v. Uniweld

Prods. Inc.*, 946 F.2d 622, 625 (9th Cir. 1991)).  All three factors, she found, supported transfer,

because the case before her ("*Jia*") had been filed after *Liau*, involved substantially similar—but not identical—parties, and implicated substantially similar legal and factual issues. *Id.* at 4–5.

On January 25, 2024, *Jia* was transferred to this District, and assigned to this Court, based on its supervision of the related *Liau* case. Dkt. 39. On February 22, 2024, the Court in *Liau* granted Weee's motion to dismiss under Rule 12(b)(1), finding that plaintiff's alleged injury failed to establish Article III standing. *Liau v. Weee! Inc.*, No. 23 Civ. 1177 (PAE), Dkt. 23. On April 3, 2024, the Court issued an order in *Jia* seeking guidance from the parties as to next steps in the case in light of the dismissal of *Liau*. Dkt. 45. Plaintiffs requested by letter that *Jia* be transferred back to the Northern District of California; Weee opposed the request. Dkts. 46–47. On June 24, 2024, the Court issued an order denying plaintiffs' motion for transfer. Dkt. 48.

On August 12, 2024, Weee filed a motion to dismiss, a declaration, and a supporting memorandum of law. Dkts. 50–52. On August 13, 2024, the Court issued an order directing plaintiffs either to amend their complaint or oppose the motion to dismiss. Dkt. 53.

On September 11, 2024, plaintiffs filed the AC. Dkt. 59. Weee filed a motion to dismiss the AC, Dkt. 60, a supporting memorandum of law, Dkt. 62, and a declaration with annexed exhibits, Dkt. 61. On October 8, 2024, plaintiffs filed an opposition, Dkt. 63, and an objection to Weee's declaration and related exhibits, Dkt. 64. On October 14, 2025, Weee replied. Dkt. 65. On October 18, 2024, plaintiffs filed a notice of supplemental authority. Dkt. 66.

## II.    Discussion

At the outset of a lawsuit, a court must assure itself of its jurisdiction. *See United Republic Ins. Co. v. Chase Manhattan Bank*, 315 F.3d 168, 170–71 (2d Cir. 2003). Federal courts are "courts of limited [subject matter] jurisdiction." *McKethan v. N.Y. State Dep't of Corr. Servs.*, No. 10 Civ. 3826 (PAE), 2012 WL 2367033, at *1 (S.D.N.Y. June 21, 2012).

4

Under 28 U.S.C. §§ 1331 and 1332, federal courts exercise jurisdiction "only when a federal question is presented, or if asserting state-law claims under the court's diversity jurisdiction, when the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000." *Suarez v. Marcus*, No. 20 Civ. 11051, 2021 WL 603048, at *1 (S.D.N.Y. Feb. 12, 2021) (citation omitted).

"When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). If at any point a federal court determines it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Here, although the parties did not brief the issue of federal jurisdiction, the Court is obliged independently to determine whether it has such jurisdiction. For the reasons that follow, the Court concludes that it does not.

### A.    Federal Question

#### 1.    Applicable Legal Principles

A court has federal question jurisdiction when plaintiff's claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not give rise to such jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996) ("[W]e ask only whether—on its face—the complaint is drawn so as to seek recovery under federal law or the Constitution.").

5

A state-law cause of action may supply federal question jurisdiction based on an embedded federal claim and supply federal question jurisdiction, but such arising-under jurisdiction exists only in "a 'special and small category' of cases." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assur.*, 547 U.S. at 699). "[F]ederal jurisdiction over a state-law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* Where all four elements are met, jurisdiction is proper. *Id.* (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)).

### 2.    Analysis

The claims in the AC do not give rise to federal question jurisdiction. They do not arise under federal law. And they do not fit within the "special and small category" of cases where state law claims embedding federal ones can give rise to such jurisdiction. *Id.*

The AC brings 13 claims against Weee. *See* AC ¶¶ 63–157. All 13 allege violations of California constitutional, statutory, or state law. *Id.* None invoke federal law. *Id.*

The AC's 12th claim—of negligence under California law—does contain allegations of violations of Section Five of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45. AC ¶ 144. Specifically, plaintiffs allege that Weee's failure to use reasonable measures to protect their data constituted "unfair . . . practices in or affecting commerce," as prohibited by the FTC Act. *Id.* (quoting 15 U.S.C. § 45(a)(1)).

These allegations, however, do not satisfy the third and fourth elements of the *Grable* test, above.

As to the third element, the claim of a violation of the FTC Act does not present an issue of "importance . . . to the federal system as a whole." *Gunn*, 568 U.S. at 260. "[I]t is not enough

that the federal issue be significant to the particular parties in the immediate suit," as such "will

*always* be true when the state claim 'necessarily raise[s]' a disputed federal issue[.]" *Id.*

(emphasis in original). Rather, substantial federal issues raised by state law claims are generally

found only in "exceptional cases . . . that implicate broad consequences to the federal system or

the nation as a whole." *Pritika v. Moore*, 91 F. Supp. 3d 553, 558 (S.D.N.Y. Mar. 16, 2015); *see*

*also NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1024 (2d Cir. 2014) (finding

the "central role stock exchanges play in the national system of securities markets" to be

sufficiently substantial). This standard is not met here. The AC's negligence claim does not call

into question the validity of the FTC Act or the standards governing its application. At most, it

alleges a violation of that Act as informing the theory of negligence. And "the application of a

federal legal standard to [a] private litigant['s] state law claim[]" does not present far-reaching

consequences to the federal legal system. *Pritika*, 91 F. Supp. 3d at 559; *see, e.g., Merrell Dow*

*Pharms. Inc. v. Thompson*, 478 U.S. 804, 812 (1986) ("[I]t would . . . flout . . . congressional

intent to conclude that the federal courts might nevertheless exercise federal-question jurisdiction

and provide remedies for violations of that federal statute solely because the violation of the

federal statute is said to be a 'rebuttable presumption' or a 'proximate cause' under state law,

rather than a federal action under federal law."); *Sirius XM Radio Inc. v. Adeptus Partners, LLC*,

No. 24 Civ. 6953, 2024 WL 4827770, at *2 (S.D.N.Y. Nov. 19, 2024) (declining to find federal

question jurisdiction in "quotidian contract dispute" based on the "mere presence of a federal

issue in a state cause of action" (quoting *Merrell Dow*, 478 U.S. at 813)); *AMTAX Holdings 227,*

*LLC v. CohnReznick LLP*, 736 F. Supp. 3d 169, 183 (S.D.N.Y. June 4, 2024) (same); *Klein v.*

*Aicher*, No. 19 Civ. 9172, 2020 WL 4194823, at *4 (S.D.N.Y. July 21, 2020) (finding "an

application of HIPAA's standard to the facts alleged" insufficient to confer federal question jurisdiction).

As to the fourth element, allowing a pure state-law case to remain in federal court on the basis of the AC's allusion to the FTC Act would disturb the "congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. The FTC Act, which prohibits "unfair . . . practices in or affecting commerce," 15 U.S.C. § 45(a)(1), lacks a private right of action. *See e.g.*, *Ballentine v. Google LLC*, No. 24 Civ. 4699, 2024 WL 4855215, at *2 (S.D.N.Y. Nov. 21, 2024) ("The FTC Act . . . does not provide a private right of action for an individual to sue for violations of the statute."); *In re GE/CBPS Data Breach Litig.*, No. 20 Civ. 2903, 2021 WL 3406374, at *10 (S.D.N.Y. Aug. 4, 2021) (same). Although "the absence of a federal private right of action is not dispositive of the sensitive judgments about congressional intent that § 1331 requires," *Grable*, 545 U.S. at 318 (cleaned up) (quoting *Merrell Dow*, 478 U.S. at 810), Congress's decision not to grant a private right of action is relevant to that inquiry. *Id.* And basing federal question jurisdiction on the fact that a state-law claim referenced the FTC Act would "attract[] a horde of original filings and removal cases raising other state claims with embedded federal issues." *Id.*; *see also Fried v. Lehman Bros. Real Est. Assocs. III, L.P.*, No. 11 Civ. 4141, 2012 WL 252139, at *3 (S.D.N.Y. Jan. 25, 2012) ("A federal private right of action is certainly indicative of a substantial federal issue but is not a prerequisite or bar to federal question jurisdiction.").

Accordingly, there is no claim sufficient to support federal question jurisdiction.

## B. Diversity

Diversity jurisdiction exists when a complaint "alleg[es] that the plaintiff is a citizen of a different state from each defendant and that the amount in controversy exceeds the sum or value of $75,000." *Burroughs v. Fed. Express Corp.*, No. 18 Civ. 8641 (PAE) (SN), 2020 WL

2950976, at *4 (S.D.N.Y. Jan. 7, 2020), *R&R adopted*, No. 18 Civ. 8641 (PAE), 2020 WL

1528119 (S.D.N.Y. Mar. 31, 2020). The citizenship of an individual is determined by the state

in which he is domiciled, meaning "the place where a person has his true fixed home and

principal establishment, and to which, whenever he is absent, he has the intention of returning."

*Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*,

157 F.3d 945, 948 (2d Cir. 1998)). An individual can have multiple residences, but only one

domicile. *Smith v. Harris*, No. 21 Civ. 571 (PAE), 2021 WL 4655943, at *2 (S.D.N.Y. Oct. 6,

2021). The citizenship of a corporation is determined by its state of incorporation and the state

where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*,

559 U.S. 77, 92–93 ("[P]rincipal place of business is best read as referring to the place where a

corporation's officers direct, control, and coordinate the corporation's activities." (citation

omitted)).

    Here, the named plaintiffs and defendant Weee are citizens of California. Specifically,

Jia, Ding, and Mei are citizens of California, AC ¶¶ 4–6,[2] and Weee's principal place of business

is in California, *id.* ¶ 2.[3] The AC thus does not plead diversity jurisdiction. Separately, the AC

---

[2] The AC does not allege plaintiff Liang's citizenship. But because other plaintiffs are California
citizens, Liang's state of domicile cannot cure the lack of diversity. *See, e.g., Briarpatch Ltd.,
L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) ("The citizenship requirement for
diversity jurisdiction has been interpreted to mean complete diversity so that each plaintiff's
citizenship must be different from the citizenship of each defendant."); *Herrick Co. v. SCS
Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[D]iversity jurisdiction is available only
when all adverse parties to a litigation are completely diverse in their citizenships."); *Jordan v.
Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510–11 (S.D.N.Y. 2015).

[3] The AC does not allege Weee's state of incorporation. But even if incorporated elsewhere,
Weee would still be a citizen of California. *See, e.g., In re Balfour MacLaine Int'l Ltd.*, 85 F.3d
68, 76 (2d Cir. 1996) ("A corporation has dual citizenship for purposes of a federal court's
diversity jurisdiction under 28 U.S.C. § 1332; namely, it is a citizen of the state of its
incorporation and of the state where it has its principal place of business."); *Airlines Reporting*

does not allege damages in excess of $75,000. *See e.g.*, AC ¶ 5 (alleging loss of $57,000). That, too, defeats diversity jurisdiction. *See, e.g.*, *PLS Fin. Servs., Inc. v. Soliman*, No. 19 Civ. 1443, 2019 WL 2420044, at *1 (S.D.N.Y. June 10, 2019) (dismissing for lack of subject matter jurisdiction where complaint failed to allege damages in excess of $75,000); *Howard v. Mun. Credit Union*, No. 5 Civ. 7488, 2008 WL 782760, at *11 (S.D.N.Y. Mar. 25, 2008) (same); *Xuejie He v. Office of N.Y.C. Comptroller*, No. 18 Civ. 7806, 2019 WL 1620691, at *2 (S.D.N.Y. Apr. 16, 2019) (similar).

Accordingly, the Court also lacks diversity jurisdiction to consider plaintiffs' claims.[4]

## CONCLUSION

For the reasons above, this Court lacks subject matter jurisdiction, based on either federal question or diversity jurisdiction. The Court therefore *sua sponte* dismisses this case pursuant to Rule 12(b)(1). The dismissal is without prejudice to plaintiffs' right to refiling this action, or bringing a new one, consistent with jurisdictional requirements. The Court denies Weee's motions to dismiss on other grounds as moot.

The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 50 and 60, and to close this case.

---

*Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 861 (2d Cir. 1995); *IGY Ocean Bay Props., Ltd. v. Ocean Bay Props. I Ltd.*, 534 F. Supp. 2d 446, 448 (S.D.N.Y. Feb. 20, 2008); *Zadora-Gerlof v. Axa Nordstern Art Ins. Corp.*, No. 1 Civ. 11828, 2002 WL 31324138, at *1 (S.D.N.Y. Oct. 17, 2002).

[4] For much the same reasons, diversity jurisdiction cannot be founded on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), nor does the AC invoke it. Under CAFA, diversity jurisdiction exists for "any class action involving (1) 100 or more class members, (2) an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs, and (3) minimal diversity, *i.e.*, where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006); *see also* 28 U.S.C. § 1332(d)(2), 5(b), (6). The AC does not plead facts supporting any of these elements.

10

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 13, 2025
       New York, New York